ELWOOD C. HARRIS et al., receivers, &c., appellants,

*v.*

LENA NEVINS et al., respondents.

[Argued March 23d, 1905.    Decided March 5th, 1906.]

In the computation of the amount payable upon a mortgage made to a building and loan association by one of its members, and which has become due by reason of the insolvency of the association, the mortgagor is entitled to have credited upon the principal of the mortgage all sums paid by him as premiums for the loan.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Emery, whose opinion is reported *ante p. 183.*

*Mr. Frederick F. Guild,* for the appellants.

*Mr. William H. Osborne,* for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The bill in this case was filed by the receiver of a building and loan association, which had become insolvent, for the foreclosure of a mortgage given by members of the association to secure a loan made by it to them.

The vice-chancellor held that the effect of the insolvency was to render the mortgage debt due forthwith, notwithstanding that by the terms of the mortgage the debt was not to become due and payable until the maturity of the shares of the association which were held by the borrowers. He further held that in ascertaining the amount due upon the mortgage the defendants were entitled to have deducted from the principal sum the moneys paid by them as premiums for the loan, but not dues paid by them as members of the association.

From so much of the decree as directs the premiums paid by the defendants to be deducted from the principal of the mortgage, the receiver appeals.

In holding that the defendants were entitled to credit for all premiums paid by them, the vice-chancellor followed the rule laid down by Vice-Chancellor Reed, in *Weir* v. *Granite State Provident Association,* 56 *N. J. Eq.* (*11 Dick.*) *234,* considering himself bound by that decision, but intimated that if the question was one of first impression in the court of chancery he would be inclined to adopt the rule laid down by Judge Grosscup, in *Towle* v. *American Building Loan, &c., Society, 61 Fed. Rep. 446,* namely, that the borrowing member is entitled to be credited only with so much of the premiums paid by him (if any) as have not yet been earned—that is, the proportion which a withdrawing member would be entitled to. The case referred to received consideration by Vice-Chancellor Reed in the *Weir Case,* and the rule therein adopted was rejected by him as being less equitable than that which he made the basis of his own decision. I concur in that view. The rule of the *Weir Case* comes nearer, in my opinion, to doing exact justice between the borrowing and non-borrowing members of an association of this kind which has become insolvent than any other rule which I have seen suggested in judicial decisions or by text-writers. I conclude, therefore, that the decree appealed from should be affirmed for the reasons expressed in *Weir* v. *Granite State Provident Association.*

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, FORT, BOGERT, VREDENBURGH, VROOM—6.

*For reversal*—DIXON, GARRETSON, PITNEY, SWAYZE, GREEN —5.